UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL TALTON,

                              Plaintiff,

                                                              DECISION AND ORDER

                                                              09-CV-6477L

              v.

AMALGAMATED TRANSIT UNION,


                              Defendant.
_____


## INTRODUCTION

Plaintiff, a member of defendant Amalgamated Transit Union, Local 282, ("Local 282")
originally brought this action against the international organization, Amalgamated Transit Union (the
"International").  On March 30, 2012, after the International successfully moved to dismiss the
complaint against it on the grounds that it was an improper party, plaintiff filed an amended
complaint, with a caption listing Local 282 as the defendant.  Although the claims in the amended
complaint were untimely as against Local 282, the amendment was provisionally permitted by
Magistrate Judge Jonathan Feldman, for the limited purpose of conducting discovery in order to
ascertain whether plaintiff's claims against Local 282 might be rendered timely under the "relation
back" provision of Fed. R. Civ. Proc. 15(c )(1)(C).  (Dkt. #21, #23).

Local 282 now moves to dismiss the complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) on
the grounds of untimeliness.  (Dkt. #30).[1]  For the reasons set forth below, that motion is denied.

_____

[1]  Because the motion requires the Court to review evidence outside of the pleadings, and
because the parties have fully briefed the motion and presented evidence outside the pleadings as
if the motion was one for summary judgment, I will consider it as such.

**Factual Background**

On June 8, 2009, Plaintiff filed a *pro se* EEOC charge alleging discriminatory failure to represent against his union, Local 282, properly addressed to its offices in Rochester, NY. Before Local 282 could retain counsel or respond to the charge, it was dismissed by the EEOC, and plaintiff was issued a 90-day "right to sue" letter.

On September 18, 2009, plaintiff filed the instant suit, naming as a defendant the International organization, "Amalgamated Transit Union" (the "International"), addressed to its national headquarters in Washington, D.C.

A week later, plaintiff filed additional EEOC charges against Local 282, which retained attorney Matt Fusco to represent it. (The nature and disposition of those charges are not relevant to this case.)

On November 29, 2009, the International also retained attorney Fusco to represent it in the instant case. Fusco states, and plaintiff does not dispute, that at the time Fusco was initially retained by the International, neither he nor the International had any knowledge of the plaintiff's initial, June 8, 2009, administrative complaint against Local 282. Sometime later, however, Fusco became aware of the charge. Fusco submitted an affidavit stating that he believed that plaintiff's naming of the International in the instant suit (instead of Local 282) was evidence of a deliberate choice to go after a "deep pocket" defendant, and not a mistake as to Local 282's identity, since plaintiff clearly knew the identity and local address of Local 282, having correctly set them forth in his administrative charges before the EEOC.

In answering the complaint against the International on December 22, 2009, Fusco included as a defense the fact that the International is a distinct entity from Local 282. However, based on his belief that plaintiff had chosen to sue the International (and not Local 282) deliberately, he did not inform Local 282 of the action against the International, or prepare any defense for Local 282.

On February 4, 2001, plaintiff moved to amend the complaint pursuant to Fed. R. Civ. Proc. (c)(1)(C), in order to substitute Local 282 as the proper defendant. Magistrate Judge Feldman

granted that motion, but for the limited purpose of bringing Local 282 into the case for purposes of discovery, so that a final determination of the motion could be made on a complete record.

Local 282 now moves to dismiss the amended complaint on the grounds that plaintiff's claims against it are untimely. The Court must determine whether the relation back doctrine set forth in Fed. R. Civ. Proc. 15(c)(1)(C) can revive plaintiff's otherwise untimely claims against Local 282. Specifically, the Court must assess whether Local 282 knew, on or before the 120-day period for answering the International complaint expired on January 16, 2010, that plaintiff's naming of the International in this action was likely a mistake, and that Local 282 was the true, intended defendant.

**DISCUSSION**

I.      **Plaintiff's Motion to Dismiss the Amended Complaint**

It is clear that, unless plaintiff's allegations against Local 282 are found to "relate back" to the original complaint, they must be dismissed as untimely.  Plaintiff does not dispute that fact.

Plaintiff has the burden to demonstrate that he has met the requirements of Fed. R. Civ. Proc. 15(c)(1)(C), which provides for "relation back" of amendments to a pleading.  It provides:

> An amendment to a pleading relates back to the date of the original pleading when: [. . .] (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1) (B) [requiring that the claim arise out of the same conduct, transaction or occurrence described in the original pleading] is satisfied and if, *within the [120 day] period provided by Rule 4(m)* for serving the summons and complaint, the party to be brought in by amendment:
> > (I)      received such notice of the action that it will not be prejudiced in defending on the merits; and
> > (ii)     *knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.*

Fed. R. Civ. Proc. 15(c)(1)(C) (emphasis added).

The parties do not seriously dispute that the charges against Local 282 are the same as those listed in the original pleading.  Furthermore, given the shortness of the delay in notice to Local 282, Local 282 will not be prejudiced in defending this action on the merits.  However, Local 282 contends that even assuming Fusco's knowledge of the instant action against the International can

be imputed to Local 282, plaintiff has failed to satisfy his burden to prove that Fusco "knew or should have known" prior to January 16, 2010 that plaintiff's choice to sue the International resulted from a mistake as to Local 282's identity or relationship with the International.

Application of the relation back doctrine was recently clarified and expanded by the Supreme Court's decision in *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485 (2010). *Krupski* represented a sea change in the way the relation back doctrine was applied in the Second Circuit. Prior to *Krupski*, governing Second Circuit precedent held that where a plaintiff knows the identity of the correct defendant and fails to name them, the plaintiff has made a deliberate choice and not a "mistake concerning the proper party's identity" and is therefore not entitled to relation back. *Compare Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir. 1994) (plaintiff who knows identity of defendants and fails to name them is not entitled to relation back) *with Krupski*, 130 S. Ct. 2485 at 2493 ("[t]he question under Rule 15(c)(1)(C)(ii) is not whether [plaintiff] knew or should have known the identity of . . . the proper defendant, but whether [the proper defendant] knew or should have known that it would have been named as a defendant but for an error. [The] Rule . . . asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint") (emphasis omitted).

*Krupski* held that relation back should not be denied solely on the basis that a plaintiff already knew the correct identity of the defendant. In that case, the Supreme Court found that mistaken identity for Rule 15(c)(1)(C) purposes may include the situation where "a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the issue, and [he] may mistakenly choose to sue a different defendant based on that misimpression." *Id.*, 130 S. Ct. 2485 at 2494.

Although the initial complaint is poorly drafted, referring repeatedly to the plaintiff's *employer* as the intended defendant rather than either of the unions, it is nonetheless clear from the face of the complaint that plaintiff's counsel harbored a gross misunderstanding of the International's

relationship with Local 282, blithely assuming that Local 282 and the similarly-named International were one and the same.  *See e.g.*, Dkt. #1 at ¶¶1, 52-69 (describing the International as furnishing plaintiff's union representative), ¶4 (stating that the procedural basis of the action is plaintiff's June 8, 2009 administrative charge.

As such, I find as a matter of law that the initiation of the instant action against the International instead of Local 282 could be considered "a mistake concerning the proper party's identity" for purposes of the relation back provision of Fed. R. Civ. Proc. 15, under the rationale set forth in *Krupski*.

However, the Court's inquiry does not end there.  The ultimate question is not simply whether the plaintiff's original choice of defendant can be considered a "mistake" for Rule 15 purposes, but whether the intended defendant (here, Local 282 via its counsel, Fusco) "knew or should have known" by January 16, 2010 that it was the intended defendant, and would have been named but for plaintiff's mistake.

Fusco avers, and plaintiff does not dispute, that in or around November 2009 when Fusco first received a copy of the complaint against International in this case, he had no knowledge of the plaintiff's initial, June 8, 2009, administrative complaint against Local 282, and thus might not have had any reason to realize that Local 282 was the true target of plaintiff's suit.  However, by the time Fusco answered the complaint on the International's behalf on December 22, 2009 and included as an affirmative defense that the International and Local 282 were separate entities, he manifestly recognized and knew, or should have known, that Local 282 "would have been named as a defendant but for an error."  (Dkt. #3 at ¶¶28, 29); *Krupski*, 130 S. Ct. 2485 at 2493.

The Court is not unsympathetic to the International's argument that its counsel had no reason to have "known or should have known," pre-*Krupski*, that the plaintiff had made a "mistake' for Rule 15 purposes rather than a "deliberate choice."  Nevertheless, *Krupski* is clear that the "knew or should have known that the pleading was mistaken" requirement of Rule 15 is satisfied by proof that the intended defendant was in possession of *facts which would comprise a mistake under*

- 5 -

*Krupski*, regardless of whether *Krupski* had been decided yet. *See e.g., Michaelow v. East Coast Restoration & Consulting Corp.*, 2012 U.S. Dist. LEXIS 185362 at \*13-\*14 (applying *Krupski* to find that defendant knew or should have known that it was the intended defendant in a complaint filed in 2010, prior to *Krupski*). Thus, the Court is bound to apply *Krupski* retroactively, on the facts presented, guided by the Supreme Court's clarification in *Krupski* at to the proper interpretation of Rule 15(c)(1)(C). *See e.g., Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 95 at n.9 (1993).

Accordingly I find, consistent with *Krupski,* that plaintiff's choice to sue the International instead of Local 282 was a "mistake" for purposes of Rule 15, and that based upon the face of the complaint and the nature of the defendant's response to it, counsel for the International and Local 282 "knew or should have known" that it was a mistake prior to January 16, 2010. Local 282's motion to dismiss must therefore be denied.

## II.      Sanctions

In response to the instant motion, plaintiff's counsel also requests that Rule 11 sanctions be imposed on defendant's counsel for his temerity in filing the instant "frivolous" motion. I note that counsel's theatrical expressions of moral outrage are entirely misplaced: the instant motion is not only proper, but was expressly contemplated and tacitly approved by Magistrate Judge Feldman in his March 27, 2012 Decision and Order, with which plaintiff's counsel should have been familiar. (Dkt. #23). Plaintiff's request for sanctions is therefore denied, and plaintiff's counsel is cautioned that a sanctions request should not be made lightly, nor should it be grounded upon an incomplete and inaccurate understanding of the record.

## CONCLUSION

For the foregoing reasons, plaintiff is entitled to have his untimely complaint "relate back" to the original complaint pursuant to Fed. R. Civ. Proc. 15, and defendant's motion to dismiss this action as untimely (Dkt. #30) is therefore denied. Plaintiff's request for sanctions (*see* Dkt. #36) is denied as frivolous.

Furthermore, the Court will consider whether the appropriateness of sua sponte imposition of monetary sanctions on plaintiff's counsel pursuant to Fed. R. Civ. Proc. 11 and 28 U.S.C. §1927. A hearing will be scheduled forthwith, so that the parties may be heard on that matter.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      August 21, 2013.