UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL TALTON,

                              Plaintiff,

                                                                 DECISION AND ORDER

                                                                  09-CV-6477L

                              v.

AMALGAMATED TRANSIT UNION,

                              Defendant.
_____

       Plaintiff Michael Talton, an employee of the Rochester-Genesee Regional Transportation Authority ("RGRTA"), filed this action against Amalgamated Transit Union Local No. 282 ("Union"), asserting two claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The Union has moved to dismiss the first cause of action, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Dkt. #55.)

       The Court met with the parties on November 3, 2015, to address several matters relating to the status of this case, as well as two related cases that plaintiff has brought against RGRTA. Plaintiff, who was originally represented by an attorney but is now proceeding *pro se*, stated on the record that he was "definitely going to" file a response to the motion to dismiss. Dkt. #65 at 7. The Court gave him to November 20, 2015 to do so, but to date, plaintiff has not responded to the motion to dismiss.

## DISCUSSION

"[A] district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it.'" *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (quoting *Aurecchione v. Schoolman Transp. System*, 426 F.3d 635, 638 (2d Cir. 2005)). The court "'must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Winters v. United States*, No. 10 Civ. 7571, 2013 WL 1627950, at *3 (S.D.N.Y. Apr. 16, 2013) (quoting *Morrison v. National Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)).

"An unopposed motion to dismiss does not warrant automatic dismissal," however. *Suvak v. United States*, No. 12 Civ. 6004, 2013 WL 2217171, at *2 (S.D.N.Y. May 21, 2013). Rather, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *Accurate Grading Quality Assurance, Inc. v. Thorpe*, No. 12 Civ. 1343, 2013 WL 1234836, at *5 (S.D.N.Y. Mar. 26, 2013) (quoting *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000)). Thus, plaintiff's failure to respond to the motion does not relieve the Court of its obligation to consider the merits of the motion. *See Gray v. Metropolitan Detention Center*, No. 09 CV 4520, 2011 WL 2847430, at *2 n.3 (E.D.N.Y. July 15, 2011) (noting that plaintiff's failure to respond to motion to dismiss under Rule 12(b)(1) does not automatically warrant dismissal of complaint, and going on to address the motion on its merits).

In the case at bar, defendant has moved to dismiss only the first cause of action, which alleges a breach of the Union's duty of fair representation, on the ground that the Court lacks subject matter jurisdiction over the claim.[1]  Defendant contends that the National Labor Relations Act ("NRLA") does not vest federal district courts with subject matter jurisdiction over claims by public employees against their unions for breach of the duty of fair representation.  *See Cunningham v. Local 30, Int'l Union of Operating Engineers*, 234 F.Supp.2d 383, 395 (S.D.N.Y. 2002) ("courts have consistently held that public employees cannot bring claims under NLRA and LMRA [Labor Management Relations Act] provisions"); *accord Negron v. City of New York*, No. 10 CV 2757, 2011 WL 4737068, at *20 (E.D.N.Y. Sept. 14, 2011).

On its face, however, plaintiff's first cause of action is not based on the NLRA.  Rather, plaintiff alleges that the Union failed to represent him because of his race, in violation of Title VII.  Courts have recognized such claims, as distinct from NLRA claims.  To make out such a claim, the plaintiff must show that the union breached its duty of fair representation, and that its actions were motivated by racial animus.  *See, e.g.*, *Jones v. International Union of Operating Engineers*, __ F.Supp.3d __, 2015 WL 9269280, at *7 (N.D.N.Y. Dec. 11, 2015), *appeal filed* (2d Cir. Jan. 12, 2016); *Dillard v. SEIU Local 32BJ*, No. 15 Civ. 4132, 2015 WL 6913944, at *4 (S.D.N.Y. Nov. 6, 2015).

Since defendant's motion does not address whether plaintiff has stated a facially valid claim under Title VII, the Court does not reach that issue at this time, and I will deny defendant's motion without prejudice.

---

[1] Defendant has not moved against the second cause of action, which asserts a claim of unlawful retaliation under Title VII.

At the same time, the Court strongly cautions plaintiff that he cannot continue to ignore with impunity Court-ordered deadlines or directives. For the reasons stated, I do not believe that plaintiff's failure to respond to the Union's motion to dismiss in itself warrants dismissal of his claims, but if plaintiff persists in such defaults, he will do so at his own risk. At some point, such defaults may lead to the dismissal of this action, whether for failure to prosecute or as the result of a default judgment in favor of defendants. *See* Fed. R. Civ. P. 41(b), 55(a).

## CONCLUSION

Defendant's motion to dismiss the first cause of action (Dkt. #55) is denied without prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 25, 2016.