UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL TALTON,

                              Plaintiff,                              DECISION AND ORDER

                                                                         09-CV-6477L

                                v.

AMALGAMATED TRANSIT UNION,

                              Defendant.
_____

      Plaintiff Michael Talton, appearing *pro se*, brings this action against Amalgamated Transit Union Local No. 282 ("Local 282"). Plaintiff asserts two causes of action, arising out of certain events that occurred during plaintiff's employment with the Rochester-Genesee Regional Transportation Authority ("RGRTA").

      Local 282 has moved for summary judgment. Plaintiff has not responded to the motion. For the following reasons, Local 282's motion is granted, and the complaint is dismissed.

## PROCEDURAL BACKGROUND

      Plaintiff's original complaint was filed by his then-attorney against Amalgamated Transit Union ("ATU"). After ATU moved to dismiss (Dkt. #12), on the ground that it was not a proper defendant, and plaintiff moved for leave to amend the caption (Dkt. #7), the Court granted plaintiff leave to amend, to name Local 282 as the defendant.[1] (Dkt. #23.)

---

[1] Plaintiff's original attorney withdrew from this action in November 2013, and has been disbarred from practicing in this Court. Another attorney subsequently appeared on plaintiff's
                                                                                                                          (continued...)

Plaintiff did then amend the complaint. The amended complaint (hereinafter "complaint") is virtually identical to the original, aside from adding or substituting the words "Local No. 282" in the caption and factual allegations. (Docket #24.)

The complaint asserts two claims against Local 282, for breach of its duty of fair representation, and for unlawful retaliation. Both claims are ostensibly premised on Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1) *et seq.*

Local 282 then moved to dismiss plaintiff's first cause of action, on the ground that the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq.*, which imposes a duty of fair representation on labor unions, does not vest federal courts with subject matter jurisdiction over claims by public employees against their unions for breach of that duty. On February 25, 2016, the Court denied that motion without prejudice, stating that "on its face ... plaintiff's first cause of action is not based on the NLRA," for breach of the duty of fair representation as such, but on Title VII, for unlawful discrimination on the basis of race. Dkt. #66 at 3.

Plaintiff subsequently sent a letter to the Court (Dkt. #67), dated March 7, 2016, stating that he had received a copy of the Court's February 25 Decision and Order, and responding in general terms to that decision. In that letter, plaintiff said nothing about race discrimination, but reaffirmed his allegation that Local 282 had not fulfilled its duty to represent him. *See id.* at 2 ("The Union would not fight for my rights ... . Duty of fair representation does apply to me"). Plaintiff did not request any particular relief, but said simply that "[t]he Union ... should be held accountable for their actions." *Id.* at 3.

Local 282 filed its current motion for summary judgment on May 13, 2016. Pursuant to the Court's initial motion scheduling order (Dkt. #69), plaintiff had until June 27, 2016 to respond to

---

[1](...continued)
behalf, but was granted leave to withdraw in August 2015. Plaintiff has not retained counsel since then, and the Court has denied his request for appointment of counsel. (Dkt. #73.)

the motion. That scheduling order also warned plaintiff that his case could be dismissed if he failed to respond to defendant's motion.

Plaintiff clearly received that scheduling order, because by letter dated June 20, 2016, he requested an extension of time to file a response to the motion. (Dkt. #70.) The Court granted that request, and gave plaintiff until July 25, 2016 to submit his response. He has not done so. Plaintiff did request appointment of counsel (Dkt. #72), but that request was denied, and plaintiff was advised that it is his "responsibility to retain an attorney or press forward with this lawsuit *pro se*." (Dkt. #73.)

## DISCUSSION

**I. Plaintiff's Failure to Respond to Defendant's Motion**

Rule 56(e) of the Federal Rules of Civil Procedure provides that if the non-movant fails to respond to a summary judgment motion by setting forth "specific facts showing that there is a genuine issue for trial," then "summary judgment, if appropriate, shall be entered against the adverse party." Local Rule 56 also provides that all material facts set forth in the movant's statement of material facts "will be deemed admitted unless controverted by the statement required to be served by the opposing party." Local Rule 7.1(e) mandates that the party opposing a summary judgment motion file an answering memorandum and supporting affidavit, and further states that "[f]ailure to comply ... may constitute grounds for resolving the motion against the non-complying party."

As stated, the Court's scheduling order gave ample notice to plaintiff of the consequences of failing to respond to defendant's motion. I will not quote the text of the order at length, but it could not have been more explicit that plaintiff's claims could be dismissed if he did not submit a response contravening the facts asserted by defendant in support of its motion. (Dkt. #69.)

Since plaintiff has not filed a response to defendant's motion, the Court may, consistent with the Federal Rules ov Civil Procedure and the Local Rules for this district, assume the truth of defendant's factual assertions, and proceed to determine whether, based upon those facts, summary

judgment for defendant is warranted. *See Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); *see, e.g.*, *Morrison v. Dr. Pepper Snapple Group*, 916 F.Supp.2d 372, 373-74 (W.D.N.Y. 2013).

**II. Defendant's Motion**

The record indicates that plaintiff worked for RGRTA from 2004 until his termination in 2012. It is apparent that throughout plaintiff's employment at RGRTA, he had conflicts with his supervisors and coworkers. Those conflicts have also been documented in two cases that plaintiff has brought against RGRTA, one of which has been dismissed., *Talton v. RGRTA*, No. 07-CV-6483, and one of which remains pending, *Talton v. RGRTA*, 12-CV-6616. In those actions, plaintiff alleged that he was discriminated against by RGRTA because of his race (African-American) and retaliated against for having complained about race discrimination.

The gist of plaintiff's complaint in this action is that Local 282 did not adequately represent him in his dealings with RGRTA. The complaint alleges that Local 282 "failed to represent Plaintiff based upon his race," Dkt. #24 ¶ 74, and in retaliation for his having filed grievances and charges of discrimination against RGRTA.

The evidence shows that when Talton first sued RGRTA, in Case No. 07-CV-6483, he also named as a defendant Dominic Folino, his "shop steward" at Local 282.[2] Plaintiff alleged that Folino had used various verbal slurs against him and had otherwise harassed him. Plaintiff's claims against Folino were brought pursuant to 42 U.S.C. § 1981. On April 21, 2008, the Court dismissed plaintiff's claims against Folino on the ground that Folino could not be held individually liable under § 1981.

Plaintiff has not asserted any claims in this action against Folino. But with respect to this action, the record shows that after plaintiff brought his claims against Folino in his action against RGRTA, Local 282, Local 282 agreed to have other union officials act as plaintiff's shop steward. Def. Statement of Undisputed Facts ("DSUF") (Dkt. #68-5) ¶ 5. Folino was not returned to his

---

[2]It appears that the correct spelling is "Folino," but plaintiff has at times spelled it "Felino" in these cases.

position as plaintiff's shop steward until thirteen months after plaintiff's claims against him were dismissed. *Id.* ¶ 9; Joseph Carey Aff. (Dkt. #68-3) ¶ 14.

The record also shows that Local 282 never failed to process any of plaintiff's grievances against RGRTA, or that Local 282 failed to do so with anything less than full effort. Plaintiff has not presented any facts indicating otherwise. He alleges nothing beyond his wholly conclusory assertion that "the Union has failed to adequately represent plaintiff ... ." Dkt. #24 ¶ 69. Plaintiff alleges certain brief verbal run-ins he had with union officials (who were also employees of RGRTA), but he has presented no specific allegations, much less evidence, that Local 282 failed to fairly or adequately represent him in his grievances against RGRTA. These appear to be nothing more than isolated incidents, between individual employees, that are in no way attributable to Local 282 itself.

In his letter to the Court dated March 7, 2016, plaintiff also states that "[t]he Union ... went along with the company in justifying my termination." Dkt. #67 at 2. Plaintiff has never alleged any termination-related claim against Local 282 in his pleadings, and has never sought to amend the complaint to add such a claim. To the extent that this submission can be read as attempting to put forth such a claim, it is untimely, under either Title VII or the NLRA.

In one of his actions against RGRTA, plaintiff has stated that he was informed of his termination on May 30, 2012. Plaintiff has apparently never presented an administrative claim related to his termination to the Equal Employment Opportunity Commission ("EEOC"). A timely EEOC charge is a prerequisite to a claim under Title VII. *See Flaherty v. Metromail Corp.*, 235 F.3d 133, 136 n.1 (2d Cir. 2000) ("To sustain a claim for unlawful discrimination under Title VII ..., a plaintiff must file administrative charges with the EEOC within 300 days of the alleged discriminatory acts"); *Cherry v. City of New York*, 381 Fed.Appx. 57, 58 (2d Cir. 2010) (timely filing of a charge with the EEOC and corresponding state agencies is "a condition precedent to the filing of an action in federal court pursuant to ... Title VII of the Civil Rights Act").

A fair-representation claim related to plaintiff's termination would also now be untimely. *See Beachum v. AWISCO N. Y. Corp.*, 459 Fed.Appx. 58 (2d Cir. 2012) ("The statute of limitations

on a duty of fair representation claim is six months ... [and such a claim] accrues when the union member[] know[s] or reasonably should know that a breach of that duty has occurred").

Plaintiff did file a claim with the EEOC in September 2009, alleging that Local 282 had retaliated against him for having filed a previous charge against RGRTA. But that claim, which predated his termination by some three years, would not render timely a new claim arising out of his 2012 termination. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (statute of limitations for each discriminatory and retaliatory act begins to run when that act occurs).

It is also worth noting that in dismissing plaintiff's administrative charge, the EEOC found that plaintiff's claim was based on no more than "personal conflicts," that plaintiff "had a history of inability to get along with [his] fellow co-workers, regardless of race," that he "had attendance issues and ... ha[d] received numerous disciplines for poor work performance and insubordination," and that Local 282 "ha[d] represented [plaintiff] for all disciplinary actions ... ." Dkt. #68-2 at 8.

Based on the undisputed and unrebutted facts before me, I reach the same conclusions here. It is not apparent why a labor union would seek to retaliate against a union member for pursuing grievances against his employer, and plaintiff has not presented any evidence that such occurred here.

It should be pointed out, however, that the complaint in this case was drafted by plaintiff's former, now-disbarred attorney, whose scattershot, cut-and-paste approach to drafting papers has been noted with disapproval by this Court in other cases. *See*, *e.g.*, *Moran v. Wegmans Food Markets, Inc.*, 65 F.Supp.3d 327, 329 n.2 (W.D.N.Y. 2014); *Marcotte v. City of Rochester*, No. 12-CV-6416, 2013 WL 2385163, at *2 n.3 (W.D.N.Y. May 29, 2013). Many of the allegations in the complaint in this action appear to be little more than a copy of plaintiff's allegations against RGRTA in his other cases, with Local 282 substituted as the offending party.

In short, the record shows than that plaintiff had problems at work, which led to his dismissal, and that he has attempted, with virtually no factual basis, to lay at least part of the blame for those problems at his union's feet. There is no competent evidence before the Court to support such claims, and the complaint is therefore dismissed.

**CONCLUSION**

Defendant's motion for summary judgment (Dkt. #68) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 28, 2016.